THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JUAN BAUTISTA PAGÁN, Defendant and Appellant.

No. 5556. Argued November 13, 1934.—Decided November 23, 1934.

636

*Carlos A. Babilonia* for appellant. *R. A. Gómez, Fiscal,* for appellee.

Mr. Justice Córdova Dávila delivered the opinion of the Court.

Juan Bautista Pagán who was found guilty of a charge of libel and fined $20, appealed from the judgment rendered by the District Court of Aguadilla alleging that neither the complaint nor the facts proved charge the appellant with any offense, that the lower court acted moved by bias and prejudice and committed a manifest error in weighing the evidence, that the verdict is against the weight of the evidence and that the testimony of witness Méndez Liciaga should not have been admitted and that the court should not have failed to rule on certain objections taken by the defense to certain questions of the district attorney.

The defendant avers in behalf of the demurrer for want of facts filed against the complaint, that from the said complaint it does not appear that the libel was addressed against the complainant, Mr. Esprívalo, that the complaint does not allege that the facts are contrary to the statute provided for

in said instance, and that it is not stated that the defendant published the said libel voluntarily.

Even though the complaint brought in the instant case by the aggrieved party is not a model complaint, nevertheless, from its allegations one can clearly infer that the words considered libelous were against the complainant himself, José Esprívalo. The crime with which the defendant is charged consists in the publication of an article that the complainant deems libelous in the newspaper "El Liberal," edited and published in Aguadilla. This article, according to the complaint, was published maliciously and voluntarily by the defendant for the express purpose of injuring the reputation, integrity and good name of the aforesaid José Esprívalo.

The article deemed libelous appears attached to the complaint. In said article the names of Higinio López and Pepito Esprívalo are mentioned, and right after mentioning the name of the said Esprívalo, it says:

" . . . This gentleman committed a cowardly and criminal attack on a defenseless woman who served his father with love and care, whereby the District Court of Aguadilla sentenced him to pay a fifty-dollar fine. He was thus a disturber of the communal peace and tranquility and hoped that that scandal would have fatal consequences, as it would have had, had it not been for the help of López and of other Liberals of Aguadilla."

Thereafter it is added in the complaint that the defendant wrote, ordered the publication and caused to be published in the aforesaid newspaper the aforementioned article with the only avowed and libelous purpose of exposing, as he did expose the complainant, to the public hate, contempt and ridicule, etc. The complaint tends to show that the libelous words were addressed to the complainant, and the demurrer filed by the defendant to the complaint is overruled on that ground. The defendant also filed a stipulation, as follows:

"The parties agree and stipulate that the defendant admits all the facts of the complaint in regard to the publication of a libel in

the newspaper 'El Liberal' edited on November 5, 1932 in the district of Aguadilla. That said libel is addressed to the person of the complainant, Mr. José Esprívalo, denying only, of all the facts alleged in that complaint, that the defendant is the author of the said libelous article addressed to Mr. José Esprívalo.''

█ The defendant is mistaken when he states that it does not appear from the complaint that he published the libel voluntarily. The words that we transcribe below express clearly the voluntary publication of the alleged libelous article by the defendant.

''The aforesaid defendant, Juan Bautista Pagán, voluntarily, maliciously and knowing that he was committing a libel, wrote and caused to be published in the newpaper *'El Liberal,'* edited, published, and circulating in Aguadilla, P. R. . . .

''The defendant wrote, caused to be published and published in the aforesaid newspaper the said article, with the sole, express, and libelous intention of exposing, as he did expose, this complainant through the publication thereof, to the public hate, contempt and ridicule . . . ''

█ The defendant further believes that the complaint is defective because it does not allege that the facts are contrary to the statute provided for such cases. On the grounds of the rule upheld by this Court in the case of *People* v. *Quintana,* 39 P.R.R. 181, that assignment of error is overruled.

█ The second error attributed to the lower court is, according to the defendant, the axis, the fundamental grounds on which the reversal of this judgment rests. It is alleged that the court acted moved by bias and prejudice, and that it incurred in manifest error in weighing the evidence. The argument of the defendant turns chiefly about the fact that Andrés Méndez Liciaga, editor of the newspaper ''El Liberal,'' who was accused and acquitted on that same date of the same offense the defendant is charged with, testified as a witness. The responsibility that may befall on Mr. Méndez Liciaga as editor of the newspaper wherein the libel was

published, does not render him incapable to testify as a witness against the defendant Juan Bautista Pagán, nor can it preclude that the latter be found guilty of the offense he is charged with, if in reality the facts alleged in the complaint are found to have been proved.

■ Mr. Méndez Liciaga testified without opposition. No objection was taken to the questions asked him by the district attorney. Furthermore, his testimony was corroborated. Juan Bautista Pagán merely denied that he was the author of the libelous article addressed to Mr. José Esprívalo. With the exception of this fact all the other particulars of the complaint were admitted by virtue of the stipulation authorized by the defendant himself and by the district attorney. Méndez Liciaga testified that the defendant admitted having been the author of the article in question, which fact he did not deny because he did not ignore that the witness knew it.

Juan Wilfredo Borges, typist of "El Liberal," testified that he saw the defendant typewriting, and that the defendant immediately gave him the papers he had just finished typing, among which the libelous article appeared.

It has not been shown that the court acted moved by bias, prejudice or partiality in weighing the evidence. In our opinion one can infer from it that it was Juan Bautista Pagán who wrote said article and who authorized and secured its publication. The error assigned is nonexistent.

■ It is further alleged that the court erred in admitting the testimony of Méndez Liciaga when his name as witness did not appear in the back of the complaint. We are not to forget that we are dealing with a mere complaint, and that in the instant case it has not even been alleged or proved that the defendant was surprised with the presentation at the trial of the said witness. According to the rule set forth in the cases of *People* v. *Alméstico,* 18 P. R. R. 314, and *People* v. *Román,* 18 P.R.R. 217, the error assigned is overruled.

It is finally alleged that the court erred in not deciding one way or another the admissibility or inadmissibility of some of the questions asked by the district attorney and objected to by the counsel for the defense. The defendant at no time called the attention of the court to the decision of said objections, nor did he object because the court failed to rule on them.

The judgment appealed from should be affirmed.